**FILED**
CLERK, U.S. DISTRICT COURT

06/12/2020

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ AP _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

January 2020 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>            v.<br><br>RAUL CISNEROS, JR.,<br>MAURICE GIPSON,<br>DAMON EUGENE SMITH,<br>  aka "Big Head,"<br>MARGUS GAVERY GIPSON,<br>  aka "Melly Mel,"<br>DAWAUN DARNELL GIPSON,<br>  aka "Caddy,"<br>MIECHA MARTINIQUE REVA GUNN,<br>  aka "Mia Bella,"<br>NATASHA MONIQUE BUSHNER, and<br>ASIA DAWNTA WILLIAMS,<br><br>            Defendants. | CR No.  2:20-cr-00221-AB<br><br>I N D I C T M E N T<br><br>[21 U.S.C. § 846: Conspiracy to Distribute and to Possess with Intent to Distribute Controlled Substances; 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(B): Possession with Intent to Distribute Controlled Substances; 18 U.S.C. § 924(c)(1)(A): Possession of Firearms in Furtherance of a Drug Trafficking Crime; 18 U.S.C. § 922(g)(1): Felon in Possession of Firearms and Ammunition; 21 U.S.C. § 853, 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

//

//

COUNT ONE

[21 U.S.C. § 846]

[ALL DEFENDANTS]

A.   OBJECTS OF THE CONSPIRACY

Beginning on a date unknown and continuing to on or about August 26, 2016, in Los Angeles County, within the Central District of California, and elsewhere, defendants RAUL CISNEROS, JR.; MAURICE GIPSON; DAMON EUGENE SMITH, also known as ("aka") "Big Head;" MARGUS GAVERY GIPSON, aka "Melly Mel;" DAWAUN DARNELL GIPSON, aka "Caddy;" MIECHA MARTINIQUE REVA GUNN, aka "Mia Bella;" NATASHA MONIQUE BUSHNER; and ASIA DAWNTA WILLIAMS; and others known and unknown to the Grand Jury, conspired with each other to knowingly and intentionally distribute and to possess with intent to distribute the following controlled substances:

1.   at least five kilograms of a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(ii);

2.   at least 500 grams of a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B)(ii); and

3.   at least 100 grams of a mixture and substance containing a detectable amount of heroin, a Schedule I narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B)(i).

1   B.   MEANS BY WHICH THE OBJECTS OF THE CONSPIRACY WERE TO BE

2   ACCOMPLISHED

3        The objects of the conspiracy were to be accomplished, in

4   substance, as follows:

5        1.   Defendant CISNEROS would obtain controlled substances for

6   distribution to defendant MAURICE GIPSON and other co-conspirators.

7        2.   Defendant MAURICE GIPSON would supply controlled substances

8   to defendants SMITH, MARGUS GIPSON, and DAWAUN GIPSON, and other co-

9   conspirators.

10       3.   Defendants SMITH, MARGUS GIPSON, and DAWAUN GIPSON would

11  arrange the transportation of controlled substances from Southern

12  California to other locations in the United States, including

13  Anchorage, Alaska and Oregon, for further distribution.

14       4.   Defendants GUNN and WILLIAMS would transport controlled

15  substances and cash drug proceeds via commercial airline flights

16  between Southern California and other locations in the United States,

17  including Anchorage, Alaska and Oregon.

18       5.   Defendant GUNN would recruit female couriers to transport

19  controlled substances and cash drug proceeds on behalf of defendants

20  SMITH, MARGUS GIPSON, and DAWAUN GIPSON.

21       6.   Defendant BUSHNER would receive mailed packages containing

22  controlled substances that had been shipped from Southern California

23  to Anchorage, Alaska, and deliver them to defendant MARGUS GIPSON.

24  C.   OVERT ACTS

25       In furtherance of the conspiracy, and to accomplish the objects

26  of the conspiracy, on or about the following dates, defendants

27  CISNEROS, MAURICE GIPSON, SMITH, MARGUS GIPSON, DAWAUN GIPSON, GUNN,

28  BUSHNER, and WILLIAMS, and others known and unknown to the Grand

Jury, committed various overt acts within the Central District of California, and elsewhere, including but not limited to the following:

**July 7, 2014 Seizure of Firearm from Defendant DAWAUN GIPSON**

1. On or about July 7, 2014, in Long Beach, California, defendant DAWAUN GIPSON possessed a loaded Ruger Model P95DC 9mm semi-automatic pistol, bearing serial number 31138522.

**April 22, 2015 Sale of 123.6 Grams of Cocaine by Defendant MAURICE GIPSON**

2. On or about April 22, 2015, using coded language in a telephone conversation, defendant MAURICE GIPSON asked an individual whom he believed to be a drug customer, but was, in fact, a confidential informant working with law enforcement ("CI"), if the CI had money ready to purchase cocaine.

3. On or about April 22, 2015, defendant CISNEROS delivered approximately 123.6 grams of cocaine to defendant MAURICE GIPSON.

4. On or about April 22, 2015, defendant MAURICE GIPSON sold approximately 123.6 grams of cocaine to the CI.

**June 11, 2015 Seizure of 1,987 Grams of Cocaine in Anchorage, Alaska**

5. On or about June 11, 2015, at a motel parking lot in Anchorage, Alaska, defendant BUSHNER delivered to defendant MARGUS GIPSON a mailed package containing approximately 1,987 grams of cocaine.

6. On or about June 11, 2015, at a motel parking lot in Anchorage, Alaska, defendant BUSHNER possessed approximately $1,000 in United States currency.

7.   On or about June 11, 2015, in a vehicle in Anchorage, Alaska, defendant MARGUS GIPSON possessed 1,987 grams of cocaine and approximately $11,500 in United States currency.

**July 2, 2015 Sale of 362 Grams of Cocaine by Defendant MAURICE GIPSON**

8.   On or about July 2, 2015, using coded language in a telephone conversation, defendant MAURICE GIPSON told the CI that he was at home and ready to do a drug transaction.

9.   On or about July 2, 2015, defendant MAURICE GIPSON sold approximately 362 grams of cocaine to the CI for $12,000.

**October 23, 2015 Calls with Defendant GIPSON Regarding Drug Debts**

10.   On or about October 22, 2015, using coded language in a telephone conversation, defendant MAURICE GIPSON told defendant CISNEROS he had money to repay a drug debt he owed to defendant CISNEROS.

11.   On or about October 23, 2015, using coded language in a telephone conversation, defendant CISNEROS told defendant MAURICE GIPSON that defendant CISNEROS was going to defendant MAURICE GIPSON's residence to pick up the money owed to him by defendant MAURICE GIPSON.

12.   On or about October 23, 2015, defendant CISNEROS possessed approximately $5,003 in United States currency, and approximately 10 kilograms of cocaine.

13.   On or about October 23, 2015, defendant CISNEROS possessed approximately 23.63 kilograms of cocaine, approximately 167.7 grams of cocaine base in the form of crack cocaine, approximately 3,581 grams of methamphetamine, and approximately $568,357 in United States currency.

14.   On or about October 23, 2015, defendant CISNEROS possessed the following firearms:  an Intratec, model Tec-9, 9mm Luger caliber pistol, bearing serial number 19084; a Llama, .45 caliber pistol, bearing serial number 736725; a Taurus, model PT-24/7, 9mm caliber pistol, bearing serial number TXB49464; and a Colt, model MKIV Series 80, .45 caliber pistol, bearing serial number FA25293; and the following ammunition: six rounds of .45 caliber ammunition manufactured by American Ammunition; two rounds of .45 caliber ammunition manufactured by Winchester Ammunition; one round of .45 caliber ammunition manufactured by Poongsan Metals Corporation; 31 rounds of 9mm ammunition manufactured by Winchester Ammunition; 11 rounds of 9mm ammunition manufactured by Poongsan Metals Corporation; eight rounds of 9mm ammunition manufactured by Dynamite Nobel GmbH; five rounds of 9mm ammunition manufactured by Speer; five rounds of 9mm ammunition manufactured by Remington Arms Company; one round of 9mm ammunition manufactured by Cascade Cartridge, Incorporated; one round of 9mm ammunition manufactured by Fiocchi Munizioni S.p.A.; and one round of 9mm ammunition manufactured by Midway Arms Incorporated.

15.   On or about October 23, 2015, defendant CISNEROS possessed approximately 7.02 kilograms of cocaine.

**February and March 2016 Narcotics Transportation**

16.   On or about February 4, 2016, using coded language in a series of telephone conversations, defendants SMITH and GUNN discussed defendant WILLIAMS' role as a drug courier.

17.   On or about March 20, 2016, using coded language in a text message, defendant GUNN told defendant WILLIAMS to ask defendant DAWAUN GIPSON to provide money to both defendants GUNN and WILLIAMS for their drug courier services.

**April 29, 2016 Narcotics Transportation**

18.   On or about April 28, 2016, using coded language in a telephone conversation, defendant SMITH instructed defendant MARGUS GIPSON to deliver a package of controlled substances to defendant GUNN's drug courier, defendant WILLIAMS.

19.   On or about April 29, 2016, using coded language in a series of telephone conversations, defendants SMITH and MARGUS GIPSON discussed defendant WILLIAMS' role as a drug courier.

20.   On or about April 29, 2016, using coded language in a telephone conversation, defendant MARGUS GIPSON told defendant WILLIAMS that he had arrived outside of her home to take her to Los Angeles International Airport.

21.   On or about April 29, 2016, using coded language in a telephone conversation, defendant MARGUS GIPSON reported to defendant SMITH that he had arrived at Los Angeles International Airport with defendant WILLIAMS.

22.   On or about April 29, 2016, at Los Angeles International Airport, defendant WILLIAMS possessed approximately 148.6 grams of heroin, which had been concealed in her clothing.

23.   On or about April 29, 2016, using coded language in a telephone conversation, defendant SMITH instructed defendant MARGUS GIPSON to drive the other female drug courier to the airport the following morning.

24.   On or about April 29, 2016, using coded language in a telephone conversation, after defendant WILLIAMS had been arrested with the heroin, defendant SMITH told defendant MARGUS GIPSON that defendant WILLIAMS was likely in jail; later, defendant SMITH

clarified, reporting to defendant MARGUS GIPSON that defendant
WILLIAMS was not, in fact, in jail.

25.  On or about April 29, 2016, using coded language in a
telephone conversation, defendant MARGUS GIPSON reported to defendant
DAWAUN GIPSON that the delivery of narcotics had been unsuccessful,
and that defendant MARGUS GIPSON would call defendant DAWAUN GIPSON
on a different telephone.

**August 25, 2016 Narcotics Transaction Involving Defendants MARGUS
GIPSON and DAWAUN GIPSON**

26.  On or about August 25, 2016, using coded language in a
telephone conversation, defendant MARGUS GIPSON informed an
unindicted co-conspirator that he was outside her location in Los
Angeles, California, so that he could deliver cocaine to her.

27.  On or about August 25, 2016, using coded language in a text
message, an unindicted co-conspirator told defendant MARGUS GIPSON
that she had successfully gone through the security checkpoint at
Long Beach Airport with the cocaine, which he acknowledged.

28.  On or about August 25, 2016, using coded language in a text
message, defendant MARGUS GIPSON told defendant DAWAUN GIPSON that an
unindicted co-conspirator was carrying one kilogram of cocaine.

29.  On or about August 26, 2016, using coded language in a
series of text messages, an unindicted co-conspirator told defendant
MARGUS GIPSON that she was at a restaurant in Oregon and asked where
defendant SMITH was, to which defendant MARGUS GIPSON reported that
defendant SMITH was on his way to meet her.

30.  On or about August 26, 2016, using coded language in a
series of text messages, defendant MARGUS GIPSON chastised an

unindicted co-conspirator for not calling as soon as her plane landed in Oregon, pursuant to his instructions.

31.   On or about August 26, 2016, using coded language in a text message, defendant DAWAUN GIPSON told defendant MARGUS GIPSON that he had successfully picked up the cocaine from an unindicted co-conspirator.

COUNT TWO

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii)]

[DEFENDANT CISNEROS]

On or about October 23, 2015, in Los Angeles County, within the Central District of California, defendant RAUL CISNEROS, JR. knowingly and intentionally possessed with intent to distribute at least five kilograms, that is, approximately 10 kilograms, of a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance.

COUNT THREE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii)]

[DEFENDANT CISNEROS]

On or about October 23, 2015, in Los Angeles County, within the Central District of California, defendant RAUL CISNEROS, JR. knowingly and intentionally possessed with intent to distribute at least five kilograms, that is, approximately 23.63 kilograms, of a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance.

COUNT FOUR

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

[DEFENDANT CISNEROS]

On or about October 23, 2015, in Los Angeles County, within the Central District of California, defendant RAUL CISNEROS, JR. knowingly and intentionally possessed with intent to distribute at least 50 grams, that is, approximately 3,581 grams, of methamphetamine, a Schedule II controlled substance.

COUNT FIVE

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii)]

[DEFENDANT CISNEROS]

On or about October 23, 2015, in Los Angeles County, within the Central District of California, defendant RAUL CISNEROS, JR. knowingly and intentionally possessed with intent to distribute at least 28 grams, that is, approximately 167.7 grams, of a mixture and substance containing a detectable amount of cocaine base in the form of crack cocaine, a Schedule II narcotic drug controlled substance.

COUNT SIX

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii)]

[DEFENDANT CISNEROS]

On or about October 23, 2015, in Los Angeles County, within the Central District of California, defendant RAUL CISNEROS, JR. knowingly and intentionally possessed with intent to distribute at least five kilograms, that is, approximately 7.02 kilograms, of a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance.

## COUNT SEVEN

[18 U.S.C. § 924(c)(1)(a)(i)]

[DEFENDANT CISNEROS]

On or about October 23, 2015, in Los Angeles County, within the Central District of California, defendant RAUL CISNEROS, JR. possessed firearms, namely: (1) an Intratec, model Tec-9, 9mm Luger caliber pistol, bearing serial number 19084; (2) a Llama, .45 caliber pistol, bearing serial number 736725; (3) a Taurus, model PT-24/7, 9mm caliber pistol, bearing serial number TXB49464; and (4) a Colt, model MKIV Series 80, .45 caliber pistol, bearing serial number FA25293, in furtherance of a drug trafficking crime, namely, possession with intent to distribute controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1), as charged in Counts Three, Four, and Five of this Indictment.

COUNT EIGHT

[18 U.S.C. § 922(g)(1)]

[DEFENDANT CISNEROS]

On or about October 23, 2015, in Los Angeles County, within the Central District of California, defendant RAUL CISNEROS, JR. knowingly possessed the following firearms and ammunition, in and affecting interstate and foreign commerce:

(1)   an Intratec, model Tec-9, 9mm Luger caliber pistol, bearing serial number 19084;

(2)   a Llama, .45 caliber pistol, bearing serial number 736725;

(3)   a Taurus, model PT-24/7, 9mm caliber pistol, bearing serial number TXB49464;

(4)   a Colt, model MKIV Series 80, .45 caliber pistol, bearing serial number FA25293;

(5)   six rounds of .45 caliber ammunition manufactured by American Ammunition;

(6)   two rounds of .45 caliber ammunition manufactured by Winchester Ammunition;

(7)   one round of .45 caliber ammunition manufactured by Poongsan Metals Corporation;

(8)   31 rounds of 9mm ammunition manufactured by Winchester Ammunition;

(9)   11 rounds of 9mm ammunition manufactured by Poongsan Metals Corporation;

(10)  eight rounds of 9mm ammunition manufactured by Dynamite Nobel GmbH;

(11)  five rounds of 9mm ammunition manufactured by Speer;

(12) five rounds of 9mm ammunition manufactured by Remington Arms Company;

(13) one round of 9mm ammunition manufactured by Cascade Cartridge, Incorporated;

(14) one round of 9mm ammunition manufactured by Fiocchi Munizioni S.p.A.; and

(15) one round of 9mm ammunition manufactured by Midway Arms Incorporated.

Defendant CISNEROS possessed these firearms and ammunition knowing that he had previously been convicted of a felony crime punishable by a term of imprisonment exceeding one year, namely, Possession of Cocaine Base, in violation of California Health and Safety Code Section 11350(a), in the Superior Court of the State of California, County of Los Angeles, case number TA119035, on or about August 24, 2011.

COUNT NINE

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(i); 18 U.S.C. § 2(a)]

[DEFENDANTS WILLIAMS, SMITH, MARGUS GIPSON, and DAWAUN GIPSON]

On or about April 29, 2016, in Los Angeles County, within the Central District of California, defendants ASIA DAWNTA WILLIAMS, DAMON EUGENE SMITH, also known as ("aka") "Big Head," MARGUS GAVERY GIPSON, aka "Melly Mel," and DAWAUN DARNELL GIPSON, aka "Caddy," each aiding and abetting the other, knowingly and intentionally possessed with intent to distribute at least 100 grams, that is, approximately 148.6 grams, of a mixture and substance containing a detectable amount of heroin, a Schedule I narcotic drug controlled substance.

FORFEITURE ALLEGATION ONE

[21 U.S.C. § 853 and 18 U.S.C. § 924]

1.    Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offenses set forth in any of Counts One through Six, and Nine of this Indictment.

2.    Any defendant so convicted shall forfeit to the United States of America the following:

(a)  All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from any such offense;

(b)  All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense

(c)  All right, title, and interest in any firearm or ammunition involved in or used in any such offense, including but not limited to the following:

(1)  One Intratec, model Tec-9, 9mm Luger caliber pistol, bearing serial number 19084;

(2)  One Llama, .45 caliber pistol, bearing serial number 736725;

(3)  One Taurus, model PT-24/7, 9mm caliber pistol, bearing serial number TXB49464;

1               (4)   One Colt, model MKIV Series 80, .45 caliber

2  pistol, bearing serial number FA25293;

3               (5)   Six rounds of .45 caliber ammunition manufactured

4  by American Ammunition;

5               (6)   Two rounds of .45 caliber ammunition manufactured

6  by Winchester Ammunition;

7               (7)   One round of .45 caliber ammunition manufactured

8  by Poongsan Metals Corporation;

9               (8)   Thirty-one rounds of 9mm ammunition manufactured

10  by Winchester Ammunition;

11              (9)   Eleven rounds of 9mm ammunition manufactured by

12  Poongsan Metals Corporation;

13              (10) Eight rounds of 9mm ammunition manufactured by

14  Dynamite Nobel GmbH;

15              (11) Five rounds of 9mm ammunition manufactured by

16  Speer;

17              (12) Five rounds of 9mm ammunition manufactured by

18  Remington Arms Company;

19              (13) One round of 9mm ammunition manufactured by

20  Cascade Cartridge, Incorporated;

21              (14) One round of 9mm ammunition manufactured by

22  Fiocchi Munizioni S.p.A.;

23              (15) One round of 9mm ammunition manufactured by

24  Midway Arms Incorporated; and

25        (c)   To the extent such property is not available for

26  forfeiture, a sum of money equal to the total value of the property

27  described in subparagraphs (a), (b), and (c).

28      3.   Pursuant to Title 21, United States Code, Section 853(p),

any defendant so convicted shall forfeit substitute property if, by any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1.    Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924 and Title 28, United States Code, Section 2461, in the event of defendant RAUL CISNEROS, JR.'s conviction of the offenses set forth in any of Counts Seven or Eight of this Indictment.

2.    Defendant CISNEROS, if so convicted, shall forfeit to the United States of America the following:

(a)  All right, title, and interest in any firearm or ammunition involved in or used in any such offense, including but not limited to the following:

(1)  One Intratec, model Tec-9, 9mm Luger caliber pistol, bearing serial number 19084;

(2)  One Llama, .45 caliber pistol, bearing serial number 736725;

(3)  One Taurus, model PT-24/7, 9mm caliber pistol, bearing serial number TXB49464;

(4)  One Colt, model MKIV Series 80, .45 caliber pistol, bearing serial number FA25293;

(5)  Six rounds of .45 caliber ammunition manufactured by American Ammunition;

(6)  Two rounds of .45 caliber ammunition manufactured by Winchester Ammunition;

(7)  One round of .45 caliber ammunition manufactured by Poongsan Metals Corporation;

1           (8)   Thirty-one rounds of 9mm ammunition manufactured

2   by Winchester Ammunition;

3           (9)   Eleven rounds of 9mm ammunition manufactured by

4   Poongsan Metals Corporation;

5           (10) Eight rounds of 9mm ammunition manufactured by

6   Dynamite Nobel GmbH;

7           (11) Five rounds of 9mm ammunition manufactured by

8   Speer;

9           (12) Five rounds of 9mm ammunition manufactured by

10  Remington Arms Company;

11          (13) One round of 9mm ammunition manufactured by

12  Cascade Cartridge, Incorporated;

13          (14) One round of 9mm ammunition manufactured by

14  Fiocchi Munizioni S.p.A.;

15          (15) One round of 9mm ammunition manufactured by

16  Midway Arms Incorporated; and

17       (b)   To the extent such property is not available for

18  forfeiture, a sum of money equal to the total value of the property

19  described in subparagraph (a).

20      3.   Pursuant to Title 21, United States Code, Section 853(p),

21  as incorporated by Title 28, United States Code, Section 2461(c), the

22  defendant, if so convicted, shall forfeit substitute property, up to

23  the value of the property described in the preceding paragraph if, as

24  the result of any act or omission of said defendant, the property

25  described in the preceding paragraph or any portion thereof (a)

26  cannot be located upon the exercise of due diligence; (b) has been

27  transferred, sold to, or deposited with a third party; (c) has been

28  placed beyond the jurisdiction of the court; (d) has been

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/s/
_____
Foreperson

NICOLA T. HANNA
United States Attorney

Scott M. Garringer
Deputy Chief, Criminal Division For:

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

CAROL CHEN
Assistant United States Attorney
Chief, International Narcotics,
Money Laundering, & Racketeering
Section

CHRISTOPHER C. KENDALL
Assistant United States Attorney
Deputy Chief, International
Narcotics, Money Laundering, &
Racketeering Section

CHELSEA NORELL
KATHY YU
Assistant United States Attorneys
International Narcotics, Money
Laundering, & Racketeering
Section